# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of George Constantine Holmes, Respondent

Appellate Case No. 2021-000713

Opinion No. 28076
Submitted November 19, 2021 – Filed December 15, 2021

## **DISBARRED**

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Julie K. Martino, both of Columbia,
for the Office of Disciplinary Counsel.

George Constantine Holmes, of Charleston, Pro Se.

**PER CURIAM:** Formal charges were filed against Respondent on January 29, 2018, following his drug-related guilty plea in federal court. On these charges, a panel of the Commission on Lawyer Conduct (Panel) recommended disbarment. Neither party has filed exceptions to the Panel report. We accept the Panel's recommendation and disbar Respondent.

## I.

On October 24, 2016, Respondent was placed on interim suspension following his 2003 guilty plea in federal court to one count of conspiracy and one count of possession with intent to distribute 5 kilograms or more of cocaine. *In re Holmes*, 418 S.C. 281, 792 S.E.2d 239 (2016). Although Respondent's conviction occurred in 2003, it was not reported to ODC for over thirteen years. Respondent's guilty plea was based on a sealed indictment, and at the time of the plea, Rule 8.3, RPC, Rule 407, SCACR, did not contain a mandatory requirement for lawyers to self-

report serious crimes.[1]  Accordingly, ODC was not aware of Respondent's conviction until it was anonymously reported in September 2016, at which point ODC immediately commenced an investigation and sought interim suspension.

The order of interim suspension expressly directed Respondent to file an affidavit pursuant to Rule 30, RLDE; however, despite a follow-up letter from the Clerk reminding Respondent of this obligation, Respondent has never filed the required affidavit.  The same day Respondent was placed on interim suspension, the Office of Disciplinary Counsel (ODC) sent Respondent a notice of investigation. Respondent failed to respond to the notice of investigation or subsequent letter sent pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).  Formal charges were filed against Respondent on January 29, 2018.  Respondent failed to answer, and an order of default was entered against him on May 17, 2018.

On March 30, 2021, the Panel convened to hear this matter for purposes of recommending a final disposition of the matter to this Court.  Despite being properly served with notice of the hearing, Respondent failed to appear.[2]  At the hearing, ODC summarized the procedural history of the case, and Respondent's persistent failure to cooperate or respond.  ODC also presented, as evidence of an aggravating circumstance, the fact that Respondent had been arrested for

---

[1] Rule 8.3, RPC, Rule 407, SCACR, was amended in June 2010 to require an attorney to self-report within fifteen days of any arrest or indictment for a serious crime.

[2] The Panel hearing was initially scheduled for January 21, 2021; however, on January 7, 2021, Respondent emailed ODC requesting that the matter be stayed due to his unspecified health and business problems stemming from the Covid-19 pandemic, which Respondent alleged prevented him from obtaining counsel.  The Panel declined to issue a stay but granted a continuance until March 30, 2021, with a pre-hearing conference to be held via WebEx on March 25, 2021.  On March 23, 2021, at 8:14 p.m., Respondent emailed ODC to say he would not attend the pre-hearing conference via WebEx or the Panel hearing on March 30, 2021, due to his continuing unspecified Covid-related health and business problems and requested a stay.  The Panel denied the request for a stay and ordered Respondent to appear. Respondent failed to appear at either the pre-hearing conference or the Panel hearing.

trafficking marijuana just four months after ODC began investigating the cocaine charges.[3]

In determining the proper sanction, the Panel considered the following aggravating factors: (1) the illegal nature of Respondent's conduct; (2) Respondent's pattern of misconduct involving multiple offenses and rule violations; (3) Respondent's failure to cooperate; (4) Respondent's failure to acknowledge wrongdoing and express remorse; and (5) Respondent's dishonest or selfish motive in engaging in criminal activity. The Panel recommended that Respondent be disbarred, and based on the severity of the misconduct and aggravating factors, the Panel concluded that retroactive disbarment was not appropriate in this situation.

## II.

Because Respondent failed to respond to the formal charges, all the allegations of misconduct were deemed admitted. We find Respondent's criminal convictions constituted misconduct under the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); and Rule 8.1(b) (knowingly failing to respond to a disciplinary inquiry). We further conclude Respondent's misconduct constituted grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (prohibiting a violation of the Rules of Professional Conduct); Rule 7(a)(3) (prohibiting a willful violation of a Commission order or a willful failure to appear personally as directed); Rule 7(a)(4) (prohibiting a conviction of a crime of moral turpitude); Rule 7(a)(5) (prohibiting conduct tending to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(7) (requiring compliance with valid orders issued by a court of this state).

## III.

In light of the severity of Respondent's misconduct and his failure to respond and participate in this process, we accept the Panel's recommendation and disbar Respondent as of the date of this opinion. Within fifteen (15) days, Respondent shall file an affidavit with the Clerk of this Court showing that he has complied

---

[3] Respondent was arrested on February 13, 2017, and charged with two counts of trafficking marijuana and one count of possession with intent to distribute THC oil after police found 305 pounds of marijuana and 328 THC cartridges (used in e-cigarettes) in Respondent's home and commercial warehouse.

with Rule 30, RLDE, Rule 413, SCACR, and surrender his Certificate of Admission to the Practice of Law to the Clerk of this Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**